## PEOPLE v. DUDLEY.

1. CARELESS USE OF FIREARMS—ABSENCE OF MALICE—EVIDENCE.
   On a prosecution under 3 Comp. Laws, § 11511, for injuring another by the discharge of a firearm pointed at him intentionally, but without malice, the evidence showed that respondent and two boys were looking at a gun. One of the boys claimed he must go to work, when respondent put a shell in the gun, and said, "Look out, or I will shoot you," and simultaneously did shoot him. *Held,* not necessarily to preclude a finding of absence of malice.

2. SAME—RES GESTÆ.
   Evidence that on the occasion of the shooting, and just before, respondent pointed the gun at another boy, who was present, was admissible as part of the *res gestæ,* tending to show absence of malice.

3. SAME—REMARKS OF COURT—HARMLESS ERROR.
   A remark by the court that, "All that is necessary to constitute this offense is the fact that this young man pointed the gun at the other young man, and that he was shot and maimed," made in relation to an objection in the course of the trial, was harmless error, where the charge fully covered the law applicable to the case.

Exceptions before judgment from Oceana; Russell, J.

Submitted June 5, 1902.    (Docket No. 95.)    Decided June 24, 1902.

Harry Dudley was convicted of the careless use of firearms.    Affirmed.

*M. M. Larmonth*, for appellant.

*Wallace Foote*, Prosecuting Attorney, for the people.

HOOKER, C. J.    The defendant in this case was convicted under the statute punishing the careless use of firearms.    The testimony tended to show that the defendant and two boys by the name of Ward met in a cornfield where the Ward boys were at work.    The defendant had a gun, and the boys were looking at it.    After the respondent had been there about 30 minutes, the Ward boy claimed he must go to work, when the respondent put a shell in the gun, and said, "Look out, or I will shoot you," and simultaneously did shoot him, seriously injuring him. The respondent claimed that the two boys were scuffling over the gun, when it was discharged accidentally.

It is claimed by counsel that the testimony showed that the shooting was intentional, and therefore that he was not guilty under the statute, for the reason that the shooting punished thereby must be by the discharge of a firearm pointed and aimed intentionally, but without malice. There was testimony in the case from which the jury could legitimately infer the absence of malice.

The court permitted testimony that on the occasion of the shooting, and just before, the defendant pointed the gun at the other Ward boy.    Error is assigned upon this ruling, but we think it a part of the *res gestæ*.    It tended to show that there was no malice.

Error was assigned upon the refusal of the court to give defendant's first, second, and fourth requests to charge. We think that they were covered by the charge.

Error is also assigned on the statement of the court that, "All that is necessary to constitute this offense is the fact

that this young man pointed the gun at the other young man, and that he was shot and maimed." The brief does not point out where this language is to be found. We do not discover it in the charge, but we do find that the language was used in relation to an objection in the course of the trial. We are satisfied that the jury could not have been misled by it, as the charge very fully covers the law applicable to the case.

The verdict is affirmed, and the circuit judge directed to proceed to sentence the defendant.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.